UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BROADCAST MUSIC, INC.; SONGS OF UNIVERSAL, INC.; BENNY BIRD COMPANY, INC.; PEERMUSIC III LTD.; MARK JAMES SCREEN GEMS-EMI MUSIC, INC.; INTERIOR MUSIC CORP.; FICTION MUSIC, INC.; EARMARK MUSIC, INC.; JAMES WILLIAM BUFFETT; PAUL SIMON; EMBASSY MUSIC; JOHN CAFFERTY, JR.; WARNER-TAMERLANE PUBLISHING CORP.; JOHN SEBASTIAN; EMI BLACKWOOD MUSIC, INC.; ITALLSHUR; BIDNIS, INC.,

Plaintiffs,

vs.                                          Case No. 2:05-cv-69-FtM-99SPC

PORTO BELLO OF SOUTHWEST FLORIDA, INC. d/b/a PORTO BELLO AT LATITUDES; TOM CIRRINCIONE; SAMUEL CIRRINCIONE,

Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion for Summary Judgment (Doc. #34), filed on May 10, 2006. The Court directed the entry of a Summary Judgment Notice and such a Notice was issued and sent to the unrepresented parties on May 26, 2006. (See Docs. #36-#37). No response has been filed by any of the defendants.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which the movant believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000), cert. denied, 534 U.S. 815 (2001). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, if there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).

**II.**

On February 14, 2005, plaintiff Broadcast Music, Inc. (plaintiff or BMI), having the right to license public performances of copyrighted musical compositions, and other plaintiffs who constitute the owners of copyrighted musical compositions, initiated a Complaint (Doc. #1) under the Copyright Act of 1976 alleging that defendant Porto Bello of Southwest Florida, Inc., doing business as Porto Bello at Latitudes, publicly performed copyrighted musical compositions. Defendants Tom Cirrincione and Samuel Cirrincione are purported to be Officers of defendant corporation, with the right and ability to supervise activities at the corporation and having a direct financial interest in the corporation. The compositions alleged to have been infringed are listed in a Schedule (Doc. #4). On April 15, 2005, by and through counsel, defendants filed an Answer (Doc. #15) denying the infringement. On March 7, 2006, counsel for defendants was permitted to withdraw and defendant corporation was provided additional time to secure new counsel. No new appearance was ever entered and no response was filed to the May 3, 2006, Order to Show Cause regarding the failure to obtain counsel. (See Docs. #30, #33).

Plaintiff's First Request for Admissions to Defendants (Doc. #25, Exh. B) under Fed. R. Civ. P. 36(a) was not answered or objected to by defendants. Therefore, the matters contained therein are deemed admitted. The admissions establish that musical

compositions were publicly performed at the restaurant; that the individual defendants had control and the right to direct activities at the restaurant; that musical compositions as listed in paragraph 14 and 15 were played on May 8, 2004; and that defendants have no evidence contradicting the fact that they were performed at the restaurant. (Id. at pp. 3-4). The Certified Infringement Report (Doc. #34, Exh. C) reflects the date, times, and location of each infringement by the live performance of the compositions. Additionally, no evidence has been provided to oppose the facts stated in the Schedule (Doc. #4) regarding the name of the writer, the owner of the copyright, the registration numbers of the compositions, the filing dates of the registration, and the date and place of infringement. The Declaration of Stuart Rosen (Doc. #34, Exh. A) establishes that plaintiffs have non-exclusive public performance rights to grant music users the ability to publicly perform the works by way of license agreement, and that plaintiffs have the right to maintain actions for infringement by the copyright owners. Defendants have also not controverted the fact that plaintiffs offered to grant a licence for defendant restaurant numerous times without response. (Id. at Exh. D).

**III.**

Under 17 U.S.C. § 102, copyright protection subsists "in original works of authorship fixed in any tangible medium of expression . . ." including musical works. See also 17 U.S.C. §

-4-

103. The owner of the copyright has the exclusive rights to do or authorize the display or performance of the work publicly. 17 U.S.C. § 106. Anyone who violates the exclusive rights of the copyright owner is an infringer of the copyright, and the owner of the exclusive right is entitled to institute an action for infringement against the infringer assuming preregistration or registration has been made. 17 U.S.C. § 501; see also Watkins v. Southeastern Newspapers, Inc., 163 Fed. Appx. 823, 825 (11th Cir. 2006)(preregistration or registration is a jurisdictional prerequisite to filing an infringement suit). In order to establish a *prima facie* claim of copyright infringement, plaintiff must establish that he owns the copyright and that defendants copied the protected work. Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1232 (11th Cir. 2002), cert. denied, 539 U.S. 903 (2003). To show copying, it must be shown that defendant had access to the songs, and that the songs were "substantially similar" such that "an average lay observer would recognize the alleged copy as having been appropriated from the original work." Benson v. Coco-Cola Co., 795 F.2d 973, 974 (11th Cir. 1986)(internal quotations and citations omitted). The proof of access and similarity are rebuttal presumptions. Id. "'An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement.'" Southern Bell Tel. & Tel. Co. v. Associated Tel.

Directory Publishers, 756 F.2d 801, 810 (11th Cir. 1985)(quoting Lauratex Textile Corp. v. Allton Knitting Mills, Inc., 517 F. Supp. 900, 904 (S.D.N.Y. 1981)).

Based on the admissions and affidavits submitted by plaintiffs, and finding no extrinsic evidence produced to the contrary, the Court finds no genuine issue of material fact to preclude the entry of summary judgment in favor of plaintiffs. Plaintiff BMI has clearly established that it owns the right to represent and speak for the owners of the copyrighted musical compositions, and that defendants copied the substantially similar compositions by performing them publicly at the restaurant without a license or permission. The Court finds that defendants infringed the rights of plaintiffs. Therefore, summary judgment is due to be granted.

**IV.**

Remedies under the Copyright Act include the imposition of an injunction, 17 U.S.C. § 502; damages that represent either the copyright owner's actual damages and additional profits of the infringer or statutory damages, 17 U.S.C. § 504; and the recovery of full costs and attorney's fees, 17 U.S.C. § 505. Plaintiffs seek a permanent injunction, statutory damages for defendants' willful infringement, costs, and attorney's fees.

Defendants were repeatedly told by correspondence to cease and desist their infringement and to obtain a license to perform publicly at a nominal annual fee. (See Doc. #34, Exh. D).

Defendants failed to respond or otherwise comply. As a result, the Court finds that the imposition of a permanent injunction is appropriate.

Under 17 U.S.C. § 504(c)(1), the copyright owner may elect to recover statutory damages with respect to any one work in a sum of not less than $750.00 or more than $30,000. Plaintiffs provide 11 original musical compositions out of BMI's repertoire that were infringed. Therefore, the minimum statutory damages total $8,250.00, an amount less than $30,000. Plaintiffs seek an amount not less than $3,000 for each act of infringement asserting that the infringement was willful and therefore subject to an increase above the statutory damages pursuant to 17 U.S.C. § 504(c)(2). The Court finds that the failure to obtain a license, or to otherwise cease the infringement, was willful and that the imposition of an increase is appropriate. Defendants were given every opportunity to avail themselves of a license and were on notice that a suit for the enforcement of plaintiffs' rights would be initiated unless the $1,410.00 annual licensing fee was paid. (See Doc. #34, Exh. D, p. 11, March 18, 2004, letter). Therefore, the Court will impose damages in the amount of $33,000.00.

The imposition of fees and costs to the prevailing party are discretionary. Plaintiffs filed the Affidavit of Frank R. Jakes, Esq. Regarding Attorneys' Fees (Doc. #34, Exh. B) seeking $2,468.50 in fees and taxable costs in the amount of $391.00. Upon review and in the exercise of its discretion, the Court finds that an

award of fees and costs to plaintiffs is appropriate, and the amounts are reasonable.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiffs' Motion for Summary Judgment (Doc. #34) is **GRANTED** and summary judgment is granted in favor of plaintiffs and against defendants as follows:

    a. Defendants Porto Bello of Southwest Florida, Inc. d/b/a Porto Bello At Latitudes, Tom Cirrincione, and Samuel Cirrincione (collectively "defendants") are hereby jointly and severally enjoined and restrained permanently from publicly performing any and all of the copyrighted musical compositions in the Broadcast Music, Inc. (BMI) repertory, including those belonging to plaintiffs, and from causing or permitting such compositions to be publicly performed at the Porto Bello At Latitudes, located in Punta Gorda, Florida, or at any other facility owned, operated, or conducted in whole or in part by defendants, and from aiding and abetting public performances of such compositions, unless defendant shall have previously obtained permission to give such performances either directly from the plaintiffs or the copyright owners whose compositions are involved or by license from BMI; and

    b. Judgment will be entered against defendants, jointly and severally, and in favor of plaintiffs in the amount of $33,000.00 in statutory damages; and

  c. Judgment will be entered against defendants, jointly and severally, and in favor of plaintiffs in the amount of $2,468.50 in attorney's fees and $391.00 in taxable costs.

  2. The Clerk shall enter judgment accordingly.

  3. The Clerk is further directed to terminate all pending matters and close the case.

  **DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of June, 2006.

            _____
             JOHN E. STEELE
             United States District Judge

Copies:
Counsel of record